J-S90014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXIS MALDONADO | : | |
| | : | |
| Appellant | : | No. 1756 EDA 2016 |

Appeal from the PCRA Order May 2, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0001757-2003,
CP-09-CR-0001758-2003, CP-09-CR-0001759-2003

BEFORE:  OTT, SOLANO, and JENKINS, JJ.

MEMORANDUM BY OTT, J.:                    **FILED January 13, 2017**

Alexis Maldonado appeals, *pro se*, from the order entered May 2, 2016, in the Bucks County Court of Common Pleas, dismissing, as untimely filed, his third petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Maldonado seeks relief from the aggregate term of life imprisonment imposed on September 20, 2004, following his non-jury conviction of, *inter alia*, second-degree murder, robbery, and conspiracy,[2] for a December 2002, home invasion.  On appeal, Maldonado asserts the PCRA court erred in dismissing his petition as untimely filed

_____

[1] 42 Pa.C.S. §§ 9543-9546.

[2] *See* 18 Pa.C.S. §§ 2502, 3702, and 903, respectively.

because he was subject to an unconstitutional sentence of life imprisonment without the possibility of parole. For the reasons below, we affirm.

The facts underlying Maldonado's conviction are well known to the parties, and were summarized by this Court in the memorandum decision affirming Maldonado's sentence on direct appeal.[3] Therefore, we need not reiterate them herein. In summary, Maldonado and a co-conspirator robbed five men in their home at gunpoint, and during a struggle, one of the men was shot and killed. Maldonado was later arrested and charged with numerous offenses including second-degree murder, robbery and conspiracy. Following a non-jury trial, both Maldonado and his co-conspirator were convicted of all charges. On September 20, 2004, the trial court sentenced Maldonado to a term of life imprisonment without parole for the conviction of second-degree murder, and three consecutive terms of five to ten years' imprisonment for the robbery offenses. No further punishment was imposed on the remaining counts.

Maldonado's judgment of sentence was affirmed on direct appeal, and the Pennsylvania Supreme Court denied his petition for review. *See Commonwealth v. Maldonado*, 897 A.2d 519 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 902 A.2d 1240 (Pa. 2006). On July 9, 2007, he filed a timely PCRA petition, which the court denied. A

_____

[3] *See Commonwealth v. Maldonado*, 897 A.2d 519 [773 EDA 2005] (Pa. Super. 2006) (unpublished memorandum at 1-7).

panel of this Court affirmed the order on appeal. *See Commonwealth v. Maldonado*, 965 A.2d 298 (Pa. Super. 2008).

Thereafter, on July 29, 2015, Maldonado filed a second PCRA petition, which the court promptly denied as untimely filed. Undaunted, on March 28, 2016, Maldonado filed the present petition, his third, in which he argued his sentence of life imprisonment without the possibility of parole was illegal pursuant to the United States Supreme Court's decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (U.S. 2016). On April 11, 2016, the PCRA court issued notice of its intent to dismiss the petition without conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. When Maldonado failed to respond to the Rule 907 notice, the court entered an order dismissing the petition on May 2, 2016. This timely appeal follows.[4]

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have

---

[4] On June 7, 2016, the PCRA court ordered Maldonado to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Maldonado complied with the court's directive, and filed a concise statement on June 27, 2016.

no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

Here, the PCRA court concluded Maldonado's petition was untimely filed. ***See*** PCRA Court Opinion, 7/22/2016, at 4-7.

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). Maldonado's judgment of sentence was final on October 10, 2006, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal from his direct appeal,[5] and he failed to petition for a writ of *certiorari* in the United States Supreme Court. ***See id.*** at § 9545(b)(3); United States Supreme Court Rule 13. Therefore, Maldonado had until October 10, 2007, to file a timely petition, and the one before us, filed more than eight years later, is patently untimely.

However, the PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three

---

[5] The 90th day, Monday, October 9, 2006, was Columbus Day, a federal holiday. Therefore, Maldonado had until Tuesday, October 10, 2006, to file a petition for *certiorari* in the Supreme Court. ***See*** 1 Pa.C.S. § 1908.

time-for-filing exceptions: (1) interference by government officials, (2) newly discovered evidence, or (3) a newly-recognized constitutional right which had been applied retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, Maldonado claims that his petition meets the newly-recognized constitutional right exception. Specifically, he contends his life sentence without the possibility of parole is unconstitutional under *Miller v. Alabama*, 132 S.Ct. 2455 (U.S. 2012), and *Montgomery*, *supra*.

In *Miller*, the United States Supreme Court held "mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S.Ct. at 2460 (emphasis supplied). Although the Court made clear that it was not foreclosing a trial court's ability to impose a life sentence upon a juvenile convicted of murder, it imposed a requirement upon the trial court to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 2469. Therefore, it was the mandatory sentencing scheme that the Supreme Court deemed unconstitutional when applied to juveniles, holding that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id.* at 2475. Thereafter, in *Montgomery*, *supra*, the Supreme Court held that its decision in *Miller* "announced a substantive

rule of constitutional law" which should be given retroactive effect to cases on state collateral review. ***Montgomery***, ***supra***, 136 S.Ct. at 736. Maldonado maintains he filed his present petition within 60 days of the ***Montgomery*** decision, and, consequently, his illegal sentence should be vacated. ***See*** Maldonado's Brief at 9.

Although we agree Maldonado filed his petition within 60 days of the ***Montgomery*** decision,[6] neither the holding of ***Montgomery*** nor ***Miller*** provides him with relief because Maldonado was 19 years old on the date he committed the crime. Our review of the record reveals Maldonado was born on February 21, 1983; therefore, in December of 2002, at the time he committed the offenses at issue, he was 19 years and 10 months old. The ***Miller*** Court specifically limited its holding to defendants who were "under the age of 18 at the time of their crimes." ***Miller***, ***supra***, 132 S.Ct. at 2460.

Maldonado contends, however, this Court should extend the holding of ***Miller*** to those who are under 20 years old at the time they commit the offenses in question. ***See*** Maldonado's Brief at 7-9. He claims the United

---

[6] The ***Montgomery*** decision was filed on January 27, 2016. Therefore, Maldonado had to file his petition by March 23, 2016, in order to meet the 60-day requirement of Section 9545(b)(2). Although the PCRA petition herein is time-stamped March 28, 2016, we note that attached to the petition is the mailing envelope which bears a date stamp of March 21, 2016. Accordingly, because the record demonstrates Maldonado placed the petition in the prison mail within the requisite 60-day period, pursuant to the prisoner mailbox rule, we conclude the petition was timely filed. ***See*** ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997).

States Supreme Court in **Miller** and **Montgomery**, "made it clear that a person's brain does not finish developing until a person is in their mid-20's." **Id.** at 7.

This argument was recently considered and rejected by a panel of this Court in **Commonwealth v. Furgess**, 149 A.3d 90, ___, 2016 PA Super 219, *2 (Pa. Super. September 28, 2016). The **Furgess** panel, relying on this Court's prior holding in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013), explicitly held "that petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **Furgess**, **supra**, 149 A.3d at ___, 2016 PA Super 219, at *3. Moreover, the **Furgess** Court found "nothing in **Montgomery** undermines" this holding in **Cintora**.[7] **Id.** Accordingly, Maldonado, who was 19 years old at the time he committed second-degree murder, is entitled to no relief.

Because we agree with the determination of the PCRA court that Maldonado's petition was untimely filed, and Maldonado failed to establish

---

[7] The **Furgess** Court acknowledged, however, that **Cintora**'s additional holding, that **Miller** had not been applied retroactively, was "no longer good law" after **Montgomery**. **Furgess**, **supra**, 149 A.3d at ___, 2016 PA Super 219, at *3.

the applicability of one of the time for filing exceptions to the PCRA, we affirm the order dismissing his third PCRA petition.

Order affirmed.

Judge Jenkins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017